UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FIVES GIDDINGS & LEWIS, LLC,       )
                                    )
    *Plaintiff,*                )
                                    )         1:23-cv-01797-JMS-MJD
    *vs.*                       )
                                    )
J & L HATFIELD, LLC, d/b/a RUSACH INT'L.,  )
                                    )
    *Defendant.*                )

## ORDER

Plaintiff filed a Complaint in which it alleges that this Court has diversity jurisdiction over

this matter.  [Filing No. 1.]  Plaintiff also filed a Rule 7.1 Disclosure Statement.  [Filing No. 2.]

The Court addresses each in turn.

In Plaintiff's Complaint, the Court notes the following issues with Plaintiff's jurisdictional

allegations:

- Plaintiff has not adequately alleged its citizenship.  Plaintiff alleges that it is a limited liability company and that "[i]ts members include," which implies that there are multiple members.  [Filing No. 1 at 1.]  However, Plaintiff lists only one member. [Filing No. 1 at 1.]  Yet the citizenship of an unincorporated association is "the citizenship of all the limited partners, as well as of the general partner." *Hart v. Terminex Int'l*, 336 F.3d 541, 542 (7th Cir. 2003).  "[T]he citizenship of unincorporated associations must be traced through however many layers of partners or members there may be." *Id.* at 543.  Further, asserting that it is not a citizen of Indiana is insufficient. *See Guaranty Nat'l Title Co., Inc. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996) (alleging that all partners of limited partnership were citizens of Massachusetts was insufficient to establish diversity jurisdiction); *Thomas v. Guardsmark, LLC,* 487 F.3d 531, 534 (7th Cir. 2007) ("blanket declaration" that partners of limited liability company were citizens of state different than state of opposing party's citizenship was insufficient to establish diversity jurisdiction).  Rather, Plaintiff must provide the name and citizenship of each member, traced down to the lowest layer, in order for the Court to determine whether diversity jurisdiction exists. *See Guaranty Nat'l Title Co., Inc.* 101 F.3d at 59 (in order to determine citizenship of a limited partnership, court "need[ed] to know the name and citizenship(s) of its general and limited partners").

- Plaintiff has not adequately alleged Defendant's citizenship.  Plaintiff alleges that Defendant is a limited liability company and that its members "include Jeffery William Hatfield and Lois Ann Hatfield, both residents of Athens, Indiana."  [Filing No. 1 at 1-2.]  First, this language implies that there may be other members.  As explained above, the citizenship of an LLC is that of all of its members, traced down to the lowest layer.  *Hart*, 336 F.3d at 542-43; *Guaranty Nat'l Title Co., Inc.* 101 F.3d at 59.  Second, an allegation of Mr. Hatfield's and Mrs. Hatfield's "residence" is inadequate to establish diversity jurisdiction.  *See McMahon v. Bunn-O-Matic Corp.*, 150 F.3d 651, 653 (7th Cir. 1998).  Residency and citizenship are not the same, and it is the latter that matters for purposes of diversity.  *Meyerson v. Harrah's E. Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002).  An individual's citizenship for purposes of diversity jurisdiction "is the place one intends to remain." *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002).

Additionally, Plaintiff does not provide its citizenship in its Rule 7.1 Disclosure Statement.

[Filing No. 2.]  Fed. R. Civ. P. 7.1(a)(2) provides:

> In an action in which jurisdiction is based on diversity under 28 U.S.C. §1332(a), a party or intervenor must, unless the court orders otherwise, file a disclosure statement.  The statement must name – and identify the citizenship of – every individual or entity whose citizenship is attributed to that party or intervenor:
>
> (A) when the action is filed in or removed to federal court, and
>
> (B) when any later event occurs that could affect the court's jurisdiction under §1332(a).

Plaintiff must provide its citizenship—in accordance with the standards outlined above—

in its Rule 7.1 Disclosure Statement.

The Court is not being hyper-technical: Counsel has a professional obligation to analyze subject-matter jurisdiction, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012), and a federal court always has a responsibility to ensure that it has jurisdiction, *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009).  The Court must know the details of the underlying jurisdictional allegations because parties cannot confer jurisdiction on the Court simply by stipulating that it exists.  *See Evergreen Square of Cudahy v. Wis. Housing & Econ. Dev. Auth.*,

776 F.3d 463, 465 (7th Cir. 2015) ("the parties' united front is irrelevant since the parties cannot confer subject-matter jurisdiction by agreement…and federal courts are obligated to inquire into the existence of jurisdiction *sua sponte*").

For these reasons, the Court **ORDERS** Plaintiff to file both an Amended Complaint and an Amended Rule 7.1 Disclosure Statement by **October 23, 2023**, which address the issues outlined in this Order.  Specifically, Plaintiff must properly allege a basis for this Court's diversity jurisdiction in the Amended Complaint, and properly allege its own citizenship in the Amended Rule 7.1 Disclosure Statement.  Defendant need not answer or otherwise respond to the Complaint at which this Order is directed.  Defendant is cautioned, however, that when it does respond to the Amended Complaint, and to the extent that it denies any of Plaintiff's jurisdictional allegations or states that it does not have sufficient information to respond to those allegations, the Court will require the parties to conduct whatever investigation is necessary and file a joint jurisdictional statement confirming that both parties are in agreement with the underlying jurisdictional allegations before the litigation moves forward.


Date: 10/10/2023

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana


**Distribution via ECF only to all counsel of record**